

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ELISHA PAUL HARLEY,<br>Defendant. | Case No.: 16-cr-2761-BEN (BLM)<br><br>**MEMORANDUM** |
|---|---|

Defendant Elisha Paul Harley appeals his conviction for assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), a misdemeanor, and depredation of government property in violation of 18 U.S.C. § 1361, a misdemeanor. Harley was tried by a jury and found guilty of both counts. A United States Magistrate Judge conducted the trial, imposed sentence and entered judgment. The District Judge has jurisdiction pursuant to 18 U.S.C. § 3402 and now affirms.

1. The Magistrate Judge did not err in admitting evidence of Harley's racially-tinged comments and profanity under the "law of the case" doctrine. The "law of the case" doctrine ordinarily precludes a trial court from reexamining an issue decided by a higher court in the same case. *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986) ("The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate

court. ... A trial court may *not*, however, reconsider a question decided by an appellate court."). Harley argues that it was error to admit the evidence at the second trial because the Magistrate Judge did not permit the evidence at his first trial. However, a non-final decision of a trial judge may be revised at any time before the entry of a judgment.

"The law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, No. 16-55719, __ F.3d __, 2018 WL 3850118, at *4 (9th Cir. Aug. 14, 2018); Fed. R. Civ. P. 54(b); *see also United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (explaining that a district court may review its prior rulings so long as it retains jurisdiction over the case). Particularly, "[t]he law of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction." *Smith*, 389 F.3d at 948 (citation omitted); *Askins*, 2018 WL 3850118, at *4 ("The law of the case doctrine does not, however, bar a court from reconsidering its own orders before judgment is entered or the court is otherwise divested of jurisdiction over the order.").

Here, the Magistrate Judge reconsidered her own evidentiary ruling made in a prior trial in the same case that resulted in a hung jury. The Magistrate Judge retained jurisdiction over the case at the second trial and explained her reasons for permitting the previously-precluded testimony. Her reasons are not clearly erroneous. Therefore, under *Askins* and *Smith* the Magistrate Judge did not err.

2. Harley next argues that it was error to admit evidence of his racially-tinged comments under Federal Rule of Evidence 404(b). The Magistrate Judge did not err. The racially-tinged remarks were aimed at the border patrol officers, including the officer whom he assaulted with spit. Because these other acts were inextricably intertwined with the charged offense the evidence is not subject to Rule 404(b) analysis. "Evidence of other acts is not subject to Rule 404(b) analysis if it is inextricably intertwined with the charged offense." *United States v. Wells*, 879 F.3d

900, 928 (9th Cir. 2018) (internal quotation and citation omitted). "This exception applies when . . . other act evidence is necessary to admit in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id.* Even if the exception did not apply, the evidence was admissible under Rule 404(b) to prove Harley's intent and the Magistrate Judge correctly conducted the associated Rule 403 balancing.

       3. Along the same lines, Harley argues that the evidence of his racially-tinged remarks should have been excluded under the balancing of Rule 403. As mentioned previously, the Magistrate Judge did not err. The pertinent part of the rule states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." F.R.E. 403. In performing the Rule 403 balancing, a court "should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (internal quotation marks omitted). Certainly, the racially-tinged remarks evidence harmed Harley's defense, but the Rule's concern is only *unfair* prejudice, and the remarks were relevant to the question of Harley's intent in spitting on the federal officer. Given the strong preference for admitting relevant evidence, the Magistrate Judge did not err.

       4. Harley then argues that it was error to preclude evidence that on days after his assault he came through the same border checkpoint and did not cause a problem. The Magistrate Judge ruled that such evidence was not relevant for the same reasons that evidence of Harley's bad behavior at the checkpoint on days prior to the assault also was not relevant. There was no abuse of discretion. He also makes an argument that the government violated Rule 16, but the evidence of his own racially-tinged remarks made to officer Salazar was disclosed to the defense before trial.

       5. Harley asserts that the prosecutor engaged in misconduct. At trial it came

out that Harley had been able to move his handcuffed hands from behind his back to his front. In closing, the prosecutor remarked that that was a nice trick. Harley asserts that the remark was prejudicial misconduct. It was not. The prosecutor immediately moved on to another subject. The prosecutor did not explain or intimate that Harley had learned this handcuff maneuver during one of his several prior times being handcuffed by law enforcement. There was no misconduct here.

6. Harley also asserts prosecutor misconduct for arguing in closing that he was violent and wild. This was not a situation where Rule 404(b) evidence was being used to argue propensity to be violent or wild, which is Harley's argument. Instead, this was a fair comment on the evidence of Harley's in custody behavior.

7. Harley asserts that the prosecutor's closing argument use of the words "violent" and "wild" was to improperly inflame the emotions of the jury. But Harley's violent acts were directly relevant to the charges against him, *i.e.*, assaulting an officer and damaging his cell door by repeated kicking. The prosecutor's comments were fair and not about emotional subjects irrelevant to Harley's guilt or innocence.

8. Next, Harley asserts that the prosecutor improperly engaged in vouching. A review of the transcript reveals no improper vouching. Harley also claims the prosecutor improperly asked the jury to stand in the shoes of the victim, officer Fernandez. That argument would be improper, but it did not occur here. Instead, the jurors were asked if they had ever spat on another person inadvertently, as the defense suggested was Harley's case. This was not misconduct.

9. Harley contends that the prosecutor engaged in misconduct by disparaging defense counsel. According to Harley, the prosecutor disparaged defense counsel by saying she had presented an "illegal argument." What he actually said was: "[d]on't follow illegal arguments to the wrong conclusion," and he probably misspoke meaning to say "illogical" instead of "illegal." Either way, the comment is about the reasoning process itself; it is not an unfair disparagement of Harley's

- 4 -                                                       16cr2761

attorney.

10. Last, Harley also argues that the prosecutor disparaged his attorney in closing arguments by insinuating that she twists facts and called the victim a liar. What he said was: "[s]o we twist that fact and we call him a liar. You are the triers of fact, you use the instructions to assess his credibility." This was in the middle of rebuttal argument where the prosecutor was addressing one of seven points. In particular, he was responding to the victim officer's testimony which the defense had suggested was untruthful. This was a proper subject for closing and the prosecutor did not unfairly disparage counsel for the defense. The case upon which Harley relies involved a more egregious personal attack on defense counsel and does not support his argument here. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 434 (5th Cir. 2014).[1]

11. The motion to release Defendant on bond pending appeal, if not moot, is denied.

AFFIRMED

DATED: 8/17, 2018

Hon. Roger T. Benitez
United States District Judge

---

[1] Harley inadvertently cites this as a decision of the Ninth Circuit Court of Appeals.